CARREÑO, DEMANDANTE Y APELADA, *v.* RUSSELL & Co., S. EN C., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2887.—Resuelto en julio 18, 1923.

DAÑOS Y PERJUICIOS POR NEGLIGENCIA—PRUEBA DE PROPIEDAD.—La propiedad de un automóvil, puede establecerse por medio de evidencia testifical.

ID.—NEGLIGENCIA CRASA.—Probado que en una teresina de la demandada el agente de ésta cruzó un paso a nivel manejando la máquina de espaldas a la carretera, sin usar las cadenas existentes y sin cerciorarse de que la vía estaba libre, es necesario concluir que la demandada es culpable de negligencia crasa y por tanto responsable de los daños causados.

ID.—PASOS A NIVEL—NEGLIGENCIA.—El hecho de que se le haya concedido vía franca al conductor de un vehículo que camina sobre vías férreas, no autoriza al conductor para cruzar, sin precauciones, un camino público sobre el cual están tendidas las vías.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. F. Manuel Toro.*

Abogado de la apelada: *Sr. E. Flores Colón.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La demandante, una menor representada por su guar-

dián *at litem*, reclamó de la demandada la suma de dos mil ochocientos dólares por daños y perjuicios. Alegó que el 4 de octubre de 1921 al cruzar su automóvil por cierto paso a nivel que existe en la carretera de Ponce a Santa Isabel, fué dañado negligentemente por una teresina de la demandada, ocasionándole los perjuicios reclamados. Contestó la demandada. Admitió el hecho del encuentro de las dos máquinas, pero alegó que se debió no a su negligencia sino a la de la demandante. Fué el pleito a juicio. Ambas partes introdujeron y practicaron prueba llevándose a efecto una inspección ocular de la cual no hay constancia en los autos. En agosto 9, 1922, la corte dictó sentencia condenando a la demandada a pagar a la demandante la suma de novecientos noventa y cinco dólares.

No conforme la demandada apeló señalando en su alegato la comisión de cuatro errores, a saber: 1, la corte erró al declarar probado que el automóvil pertenecía a la demandante; 2, erró al fijar el montante de los daños; 3, incurrió en error al no resolver que el accidente se debió a la negligencia de la demandante, 4, erró al no reconocer el derecho de vía franca a la demandada.

Como puede verse todo está reducido en este caso a la apreciación de la prueba.

A nuestro juicio existe prueba suficiente en los autos de que el automóvil dañado pertenecía a la demandante. No era necesario aportar evidencia documental. El testigo José Toro declaró de modo terminante que pertenecía a la menor y explicó como había sido comprado y pagado. La corte creyó su testimonio. Las repreguntas de la parte demandada con respecto al origen del dinero levantan ciertas dudas, pero no son suficientes para destruir por sí solas la credibilidad del testigo.

En su relación del caso y opinión la corte sentenciadora explica que la cantidad de $995 cuyo pago ordena, se forma así: $600 por la pérdida en el valor del automóvil, $225

por lo gastado en el arreglo de los desperfectos, $170 por la ganancia dejada de obtener.

Hemos examinado la evidencia y en ella hay base suficiente para las conclusiones de la corte sentenciadora. La corte fijó las cantidades mínimas. Todo depende de la credibilidad de los testigos. La apelante no ha demostrado que la corte abusara de su discreción.

En cuanto a quién es el culpable del accidente, la prueba es contradictoria. Ya dijimos que no hay dato en los autos que demuestre el resultado de la inspección ocular fuera de la conclusión de la corte sentenciadora. Dicha prueba debió ser muy importante porque a virtud de ella pudo cerciorarse el juez de la existencia del cañaveral, a que se refirieron los testigos de la demandante, que impedía ver la teresina. Un examen de los autos revela que el *chauffeur* de la demandante no fué en verdad todo lo diligente que debió, pero revela también una negligencia crasa por parte de la demandada al entrar en el paso a nivel manejando el maquinista de espaldas a la carretera, sin colocar las cadenas existentes, o ya que no se colocaban, sin cerciorarse de si en ese momento atravesaba o no alguna persona, animal o máquina.

Sostiene el demandado que por el hecho de haberse manifestado a su maquinista por el dueño del ferrocarril privado que cruzaba la carretera, que tenía la vía expedita, podía pasar sin precaución alguna el camino público. No llega a tanto su derecho. El dueño del ferrocarril al conceder la vía franca podía ordenar que ninguna otra de sus máquinas se interceptara, pero no podía usar exclusivamente del camino sin tomar precauciones. El camino se construyó por el pueblo para beneficio del pueblo y el dueño del ferrocarril es simplemente una parte del pueblo igual a la demandante que es otra parte del pueblo. El permiso concedido a la demandada para instalar sus vías sobre la carretera y pasar por ellas sus locomotoras, teresinas y

vagones, no es exclusivo, ni la autoriza para prescindir de ejercitar el debido cuidado. Tales permisos se otorgan viniendo obligados los concesionarios a colocar barreras o cadenas o a adoptar otras precauciones cuando usan la vía. Y en este caso no se adoptó medida alguna.

Por virtud de todo lo expuesto, debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.